David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10009
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

|  |  |  |
|---|---|---|
| United States of America | ) | |
| ex rel. Angelo Morrongiello | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | Index No.: |
| | ) | |
| Miroglio Textiles USA Inc | ) | **COMPLAINT** |
| Miroglio Textile s.r.l.        and | ) | |
| Miroglio (Jiaxing) Trading Co., Ltd. | ) | |
| | ) | |
| Defendant. | ) | |

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law,

respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.        This is a False Claims Act claim.  The Relator, Angelo Morrongiello, alleges that the

Defendants, his former employer, evaded customs duties over a number of years by fraudulently

understating the values of imports in customs declarations.

**II.      Parties**

2.        Defendant Miroglio Textile s.r.l. ("Miroglio Italy") is an Italian corporation in the

business of manufacturing and import/export of fabrics.

3.        Defendant Miroglio Textiles USA Inc. ("Miroglio USA") is a New York business

corporation; a subsidiary of Miroglio Italy; and is based in New York, New York.

4.      Defendant Miroglio (Jiaxing) Trading Co., Ltd. is a foreign business corporation which is also a subsidiary of Miroglio Italy and is based in Jiaxing, Zhejiang Province, People's Republic of China.

5.      Mr. Morrongiello, the Relator in this matter, ("Mr. Morrongiello" or "Plaintiff" or "Relator") is a former employee of Miroglio USA.  He worked for the Defendant for approximately 27 years until his separation from employment in early 2017.  Mr. Morrongiello's final position was vice president.

**III.    Jurisdiction and Venue**

6.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.  In this case, the Defendants' American operations were run out of its office in Manhattan at 1430 Broadway, New York, New York 10018

**IV.    The Fraudulent Scheme**

7.      By way of background, much of the Defendants' (collectively, "Miroglio's") business over the last 20 years has consisted of having raw (greige) fabric manufactured in China and other countries; processing the raw fabric it further into final fabric, generally in Italy and China; and finally importing the finished product to customers in the United States and other countries.

8.      As a result, Miroglio must pay duties on the value of its imports.

9.      Since the nominal parties to a typical import transaction are Miroglio Italy and Miroglio USA, Miroglio is in a position to set an internal transfer price which is significantly lower than the actual amount an unrelated buyer would pay to import such goods.

10.     Miroglio has indeed taken advantage of this position to set up internal discounts of as much as 31%.  The net effect of these internal discounts is to fraudulently reduce its customs obligations by nearly a third.

11.     In addition, Miroglio makes use of fraudulent MID (Manufacturer Identification) Numbers to conceal the actual manufacturer of its fabrics.

**V.     The False Records Involved in the Scheme**

12.     In connection with the import of goods, the importer's broker (in this case Miroglio USA's broker) must complete United States Customs and Border Protection Form 7501 for each transaction.  In other words, the Form 7501 would have been completed on behalf of Miroglio using information supplied by Miroglio.

13.     In Box 32 of the form, the importer provides the value of the goods; in Box 13 of the form, the importer provides the MID number.

14.     Miroglio's fraud consisted of providing fraudulently low values in Box 32 and false information in Box 13.

15.     Thus, for example, on a Form 7501 executed by Miroglio USA on September 9, 2012, Miroglio reported a valuation of $1441 and a MID of "CNMIRJIAJIA."  This valuation is an artificially depressed transfer price and the MID provided refers to Miroglio Jiaxing which is in fact not a manufacturer.

16.     As a specific example of the pricing discrepancy, attached hereto are examples of invoices for the same product, one to an unrelated customer and one to Miroglio USA.  The first, as indicated on the invoice, was to "Permit Fashion Group."  The second was to Miroglio USA. Both invoices are for the same product, referred to as "3850 Kant J."  The first shipment was for 2489.373 yards (36 rolls) while the second was for 272.416 yards (5 rolls).  Significantly, the

invoice price for the unrelated transaction was $6.40 per yard while the invoice price for the related transaction was only $5.33 per yard.

17.     Since in both cases, the goods were likely imported to the United States from Italy, Forms 7501 would have been prepared for these transactions.  In the case of the related party transaction, the total price of $5.33 per yard times 272  yards for a total of $1451.98 would have been included in the Form 7501, rendering the customs declaration fraudulent and fraudulently reducing Miroglio's customs obligations by about 17 percent.  In any event, the lower, internal price was generally used for imports to the United States.

**VII.     Defendant's Specific Violation of the False Claims Act**

18.     The False Claims Act imposes liability on a person or entity who knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government"  31 U.S.C. Section 3729(a)(1)(G)

19.     Miroglio violated this section by creating false customs declarations forms which fraudulently decreased its obligations to pay import duties to the government.

**IX.     Relief Sought**

20.     On behalf of the United States, Relator seeks recovery of the avoided customs duties, duly tripled, plus statutory damages.  The total amount of duties avoided  is unknown however Mr. Morrongiello estimates that Miroglio imported at least $2 million per year in fabrics over the last 6 years and that the average discount was at least 20 percent.  This means an understatement of approximately $2.4 million.  If the duty rate was approximately 12%, the total cost to the government can be conservatively estimated at $300,000.  Moreover, there were approximately

500-600 fraudulent Forms 7501 submitted per year; for a total of at least approximately 2500

over the last 6 years.

22.     In addition, Relator seeks a relator's share, costs, fees, interest, and such other and further

relief as the Court deems just.

23.     Thus, the total sought in the event of a (default) judgment will not exceed $11 million.


David Abrams
Attorney for Relator
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821
dnabrams@gmail.com

Dated:  New York, New York

June 27, 2017

5