ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/19

---

UNITED STATES OF AMERICA *ex. rel.*
ANGELO MORRONGIELLO,

           Plaintiff,

v.

MIROGLIO TEXTILES USA, INC.; MIROGLIO
TEXTILE S.R.L.; and MIROGLIO JIAXING
TRADING CO., LTD.,

           Defendants.

No. 17 Civ. 4842 (LLS)

---

UNITED STATES OF AMERICA,

           Plaintiff-Intervenor,

v.

MIROGLIO TEXTILES USA, INC. and
MIROGLIO TEXTILE S.R.L.,

           Defendants.

---

**STIPULATION AND ORDER OF SETTLEMENT AND
RELEASE BETWEEN THE UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relator Angelo Morrongiello ("Relator" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about June 27, 2017, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court")

under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that Miroglio Textiles USA, Inc., Miroglio Textile s.r.l., and Miroglio Jiaxing Trading Co., Ltd., had violated the FCA (the "Relator Action");

WHEREAS, on or about July 30, 2019, the United States filed a Complaint-In-Intervention (the "Government Complaint"), asserting claims that, between 2009 and 2018, Miroglio Textiles USA, Inc., and Miroglio Textile s.r.l. (collectively, "Defendants"), knowingly caused customs entry forms and associated invoices to be presented to CBP that contained false valuations of the merchandise at issue (the "Covered Conduct");

WHEREAS, on or about September 10, 2019 the United States, Defendants, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendants agreed to pay the United States) the sum of $650,000 plus interest that shall be compounded annually at a rate of 1.625% accruing from September 3, 2019, to the date of payment (the "Settlement Amount"), to resolve the claims of the United States for the Covered Conduct;

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States

2

under Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o David Abrams, Esq., as attorney for Relator ("Relator's Counsel"), seventeen percent (17%) of the payment of the Settlement Amount received from Defendant in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Defendants required by the Settlement Agreement. In the event that Defendants fail to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator Action or the Government Complaint.

4. This Relator Stipulation does not resolve or in any manner affect any claims the

United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: September 24, 2019

                                               GEOFFREY S. BERMAN
                                               United States Attorney for the
                                               Southern District of New York
                                               *Attorney for the United States*

                                By: _____
                                               STEPHEN CHA-KIM
                                               Assistant United States Attorney
                                               86 Chambers Street, Third Floor
                                               New York, New York 10007
                                               (212) 637-2768
                                               stephen.cha-kim@usdoj.gov

Dated: September 20, 2019

                              By: _____
                                               ANGELO MORRONGIELLO
                                               *Relator*

Dated: September 24, 2019

                                               DAVID ABRAMS, ESQ.
                                               *Attorney for Relator*

                              By: _____
                                               305 Broadway, Suite 601
                                               New York, NY 10007
                                               (212) 897-5821
                                               dnabrams@gmail.com

SO ORDERED:

_____
HON. LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

Dated: Sept. 26, 2019
       New York, New York